White, J.
We agree with the court below as to the-validity and priority of the mortgages held by the association.
These mortgages are attacked on two grounds: 1. That owing to the defect in acknowledging the certificate of incorporation, the association was not, at the time the mortgages were made, a corporation; and, consequently, there-Was no mortgagee in whom they could take effect.
*487 2. That the order of the court correcting the defect, could not affect the then existing mortgage of the plaintiff in error.
Neither of these positions is in our opinion tenable.
At the time of the passage of the act under which the association was organized, the act of March 10, 1859, under which the defect in the certificate was corrected, was in force. That act, in declaring the effect of the correction, provides that the record of the certificate “and the order correcting the same shall be received as evidence in all cases in all courts, the same as if no such error, omission, or defect had ever existed.”
The act of February 21, 1867, providing for the incorporation of such associations, and the act of March 10, 1859, which provides for curing defects in the mode of organization, are to be taken together; and they have the same effect as if they constituted but one act.
The law, therefore, under which the association was ere-. ated, contemplated the occurrence of errors and mistakes in organizing such associations, and provided for their cor-’ rection. It furthermore declared that when the correction should be made, the effect should be the same as if the defect had never existed. Thus the association, notwithstanding the defect in the certificate, was endowed by the law of its creation with the capacity, by availing itself of the provisions of the curative act, of becoming a corporation de jure, as from the date of its organization.
"Without, therefore, considering what would have been the effect of the defective certificate in the absence of the curative act, it seems to us there can be no donbt that the authority conferred by that act on the association of perfecting its organization, is effective not only against those dealing directly with the association, but also against all other parties.
It is a mistake to suppose, as seems to be contended for the plaintiff in error, that this is a case in which it is sought by retroactive legislation to interfere with existing rights. There is here no attempted invasion of vested *488 rights. Roth parties stand on their strict legal rights, as these rights are defined by statutes antedating any of the transactions now in question.
The motion is therefore overruled.
Welch, C.J., Rex, Gilmore, and McIlvaine, JJ.,.concurred.